ROBERT CASSON & others *vs.* W. D. McINTOSH & others.

Suffolk.    March 12, 1908. — July 7, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Equity Jurisdiction,* Contempt in violation of injunction. *Labor Union.    Unlawfu Interference.*

At the hearing on a petition for an attachment for contempt in the violation of a temporary injunction issued in a suit brought by a firm of contractors against the members of various labor organizations to restrain them from interfering with the plaintiff's business by intimidating or interfering with any person in his employment, it appeared that the respondents were respectively the president and business agent of a district council made up of delegates of several local unions, and that they were named in, and had had served upon them the injunction alleged to have been violated; that one P., the " business agent " of one of the local unions whose delegates composed the district council, interviewed one of the petitioner's workmen and told him to leave the work because the petitioner was an " unfair " firm, that thereafter the workman received a notice signed by one W., the secretary of the district council, stating that charges had been made against him for violating an article of the council's constitution in working for an " unfair " firm after having been told by a business agent to leave the work, which article subjected the workman to a fine for so doing. The notice further directed the workman to attend a meeting of the council. At that meeting, one respondent presided and the other acted as temporary secretary. Neither P. nor

W. was present. The judge who heard the case found from the foregoing facts that the respondents were responsible for the notice sent to the petitioner's workman, adjudged them in contempt for that offense and imposed fines. *Held,* that the fines should be returned to the respondents, since there was no evidence that would warrant a finding that they took any part directly or indirectly in the issuing of the notice.

PETITION, filed in the Superior Court for the county of Suffolk October 8, 1906, for an attachment for alleged contempt in the violation of a temporary injunction issued by that court against the defendants in a bill in equity entitled *Robert Casson et al.* v. *Amalgamated Woodworkers of America et al.* The petitioners were contractors.

The petition was heard before *Fox,* J., who, as stated in the opinion, adjudged the respondents McIntosh and Cameron in contempt and ordered them to pay fines, and they appealed.

The facts are stated in the opinion.

*G. F. Williams,* (*J. C. Madden* with him,) for the respondents.

*R. Clapp,* (*J. J. Feely* with him,) for the petitioners.

LORING, J. This case comes up on a report. It is a petition for attachment for contempt for violation of a temporary injunction issued by the Superior Court in June, 1906. The injunction restrained McIntosh and Cameron, as well as others, from (among other things) "interfering with the complainants' business by obstructing, annoying, intimidating or interfering with any person or persons who now are or may hereafter be in their employment." The ground of the petition was intimidation of two of the petitioners' employees, Godfray and Andrews by name. The only witnesses called by the petitioners were the two employees and one Watson, the secretary of the Carpenters' District Council, a body made up of delegates from the several unions over which it had jurisdiction.

The two employees testified in substance that they were members and one Potts was the business agent of Local Union 33 of the United Brotherhood of Carpenters and Joiners of America, that during the week of August 20, 1906, Potts called upon them while at work for the petitioners and told them that the petitioners had been declared to be an " unfair " firm. Godfray testified that Potts told him that he would have " to quit this noon," while Andrews testified that Potts told him that " it was up to me whether I should quit or not." Afterwards each em-

ployee received a notice dated September 11, 1906, signed by Watson (the other witness called by the petitioners), who (as we have said) was secretary of the Carpenters' District Council, notifying him that " charges have been preferred against you for violation of Article 4, C. D. C. on refusing to stop when ordered." They were further notified to attend a meeting of the council on September 20, " for trial of the charge."

Article 4 referred to in the notice is in these words: " That all firms or jobs placed unfair, it shall be the duty of the business agents to remove all men in their employ ; any member failing to comply with the demand of the business agent, he shall prefer charges against said member at the next meeting of the executive Board ; upon conviction thereof, he shall be fined not less than $10."

There was also evidence that McIntosh presided over the meeting held on September 20, and that at that meeting charges against both employees were read by Cameron,* who acted as temporary secretary, and that the two employees were called upon to defend themselves.

It is not necessary to state in detail what took place then and afterwards, for the judge " found the testimony sufficient to establish the responsibility of McIntosh and Cameron for the notice of September 11." The whole finding is in these words: " From the foregoing facts, I found the testimony sufficient to establish the responsibility of McIntosh and Cameron for the notice of September 11, and that notice, taken in connection with the rules of the association and the doings of Potts, amounts to a demand upon the men to whom it was sent to quit work under the threat of a fine. I, therefore, found that McIntosh and Cameron violated the injunction and ordered them to pay a fine of $20 each." The general finding that McIntosh and Cameron violated the injunction is a conclusion based upon the special finding stated above. The sole question before us is whether the evidence was sufficient to warrant the special finding, and it is therefore of no consequence that the evidence warranted a

* It appeared that McIntosh was president and Cameron was " business agent" of the Carpenters' District Council, and that Potts was " simply a delegate to the council from " the local union of which Godfray was a member.

finding (if it did warrant such a finding) that what took place on September 20 was a violation of the injunction by these defendants although they were not responsible for the notice of September 11.

As to the special finding, the notice of September 11 was signed by Watson, not by the respondents. There was no evidence that Watson in signing it acted under the direction of the respondents or either of them. Nor was there any evidence that the respondents took any part in the issue of the notice directly or indirectly. The fact that McIntosh and Cameron acted on the notice at the meeting on September 20 is not evidence that they were responsible for the notice.

It follows that the special finding of the judge was not warranted by the evidence, and that the fines paid into court by McIntosh and Cameron must be returned to them.

The Amalagamated Woodworkers of America, Local No. 24, and the other unincorporated unions were improperly joined as defendants, and the title of the suit has been changed accordingly.

*So ordered.*